UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. TOLLEY,

    Plaintiff,

v.                                        CASE No. 8:05-CV-420-T-27TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security does not adequately evaluate the plaintiff's subjective complaints of back pain, I recommend that the decision be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was sixty years old at the time his insured status expired and who has a sixth grade education,[2] has worked most recently

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

[2] In his disability report, the plaintiff states he completed the seventh grade (Tr. 54), but at the hearing he said that he completed the sixth grade (Tr. 173).

as a truck driver for a flower business (Tr. 173, 174).  He filed a claim for Social Security disability benefits, alleging that he became disabled on December 1, 1999, due to degenerative disc disease of the neck and back (Tr. 37, 48).³  The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff suffers from degenerative disc disease of the neck and low back area, a history of ulcerative colitis, gastritis, headaches, a history of a gun shot wound to the neck, and Horner's Syndrome of the right eye, all of which he considered to be severe impairments (Tr. 18, ¶3).  He concluded that these impairments limited the plaintiff to performing a wide range of light work (id. at ¶6), but

---

³The plaintiff asserts in his memorandum that this case involves a denial of both Social Security disability benefits and supplemental security income benefits (Doc. 13, pp. 1, 2). However, the record does not reflect an application for supplemental security income benefits (see Tr. 8, 34, 69). Accordingly, the only form of benefits to which the plaintiff has made a timely claim and should be considered here is his eligibility for Social Security disability benefits.

It is noted, further, that this is just one of several erroneous statements in the plaintiff's memorandum. Thus, he also incorrectly stated that the law judge found that he had the residual functional capacity to perform the "full range of light work activity" (Doc. 13, p. 2). In fact, the law judge found that the plaintiff could perform a "wide range of light work" (Tr. 18), which is more limiting. Moreover, the plaintiff states that the law judge "relied ... on the medical[-]vocational guidelines" in determining that the plaintiff was able to return to his prior work (Doc. 13, p. 2; see also p. 10). However, there is nothing in the record suggesting that the law judge employed the medical-vocational guidelines (also known as the grids) when making his decision. This is consistent with the regulations which direct that the guidelines are used when a claimant cannot return to prior relevant work. 20 C.F.R. 404.1569.

did not preclude the plaintiff from performing his past work as a truck driver in a flower business (Tr. 17). The Appeals Council let the decision of the law judge stand as the final decision of the defendant (Tr. 2).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that he became disabled before his insured status expired on June 30, 2002. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge found that the plaintiff had several severe physical impairments, including degenerative disc disease of the neck and low back area and a history of ulcerative colitis (Tr. 18). However, the law judge rejected the plaintiff's allegations that these conditions caused him disabling pain (Tr. 17). Notably, the plaintiff does not present a compelling case of disability. Thus, the medical evidence is limited, and no doctor has opined that the plaintiff is disabled or even restricted to less than light work. Nevertheless, the plaintiff is entitled to have the evidence in the record adequately and properly analyzed. Here, the plaintiff has pointed to a deficiency in the law judge's analysis. The plaintiff contends that the law judge failed to apply the Eleventh Circuit pain standard and that the law judge erred in rejecting his testimony.

The Eleventh Circuit has established a standard for evaluating complaints of pain. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the complaints of pain are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985); Walker v. Bowen, supra. In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra.

In this case it appears that the law judge implicitly concluded that the plaintiff's medical conditions could reasonably be expected to give rise to

the alleged pain since he purported to make a credibility determination. The law judge was therefore required to articulate explicit and adequate reasons for his determination. Cannon v. Bowen, supra.

In this respect, the law judge stated that "the claimant's statements concerning his impairments and their impact on his ability to work [are] not entirely credible in light of the reports of the treating and examining physicians, the findings made on examination and the degree of medical treatment required" (Tr. 17). This statement, in itself, does not carry much force because it is a boilerplate explanation that does not assess the plaintiff's individual impairments. See Cannon v. Bowen, supra. This vague and conclusory statement is especially troublesome in light of the medical finding that the plaintiff suffers from left lateral disc herniation at the L5-S1 levels of his lumbar spine, which produces impingement on the S1 root (Tr. 17, 108, 112). This, on its face, would seem to present a substantial and painful medical condition. If the law judge thought otherwise, he should have provided a cogent explanation for that conclusion. However, the law judge did not specifically evaluate the condition.

In rejecting the plaintiff's claim of back pain, the law judge refers to a medical evaluation on November 21, 2001, which revealed that the

plaintiff had a satisfactory gait, and could get in and out of a chair, and on and off of an examining table, unassisted (Tr. 17). While these circumstances might provide some support for a credibility determination, they certainly do not, by themselves, carry sufficient weight to justify rejection of the plaintiff's allegations of disabling back pain in light of the evidence of a herniated disc with nerve root impingement. The same is true of the plaintiff's hesitance to have epidural blocks, a circumstance that the law judge noted.

        The law judge's failure to support his credibility determination by reference to evidence having significant probative force is compounded by his reliance on a mistaken fact. Thus, the law judge based his rejection of the plaintiff's pain allegations on the mistaken belief that, during the alleged period of disability, the plaintiff told his physician that "he worked in his wife's flower shop delivering flowers and worked cleaning offices in the evening" (id.). However, the record reflects that the plaintiff made this comment to Dr. Hugh M. Martin, M.D., on May 21, 1999 (Tr. 103), approximately six months before the plaintiff asserted his impairments forced him to stop working. Moreover, at the hearing, the plaintiff testified that this period of work took place before December 1, 1999, the date he alleges he became disabled (Tr. 175-76). He added that he had to stop working at the

flower shop because his back and neck "just couldn't take it" (Tr. 176). This is a critical mistake because, obviously, if the plaintiff were working during his alleged period of disability, it would greatly undercut, if not entirely refute, his claim of disability.[4]

For these reasons, the law judge's credibility determination is both inadequate and seriously flawed. That issue, therefore, needs to be remanded to the Commissioner for further consideration. In light of that conclusion, the plaintiff's other contentions may be briefly addressed.

The plaintiff argues unpersuasively that the law judge failed to consider the symptoms of his colitis (Doc. 13, pp. 4, 9, 11). The law judge found that the plaintiff had a history of ulcerative colitis, which he considered to be a severe impairment (Tr. 18, ¶3). However, he rejected the plaintiff's claims that this impairment is debilitating, explaining that "the medical record shows that the claimant has responded well to treatment" (Tr. 17). A review of the record shows that this determination is supported by substantial evidence (see Tr. 131, 134, 155, 168).

---

[4]There was a comment in a doctor's note from 2003 that the plaintiff runs a flower shop (see Tr. 163). The plaintiff explained at the hearing that this statement was incorrect and that his wife runs the flower shop with the help of her daughter (Tr. 181-82). If the law judge disbelieved this testimony, he needed to articulate that finding and explain the basis for it.

The plaintiff also argues that the law judge erred in not obtaining the testimony of a vocational expert (Doc. 13, pp. 10-11). However, when a law judge concludes that a claimant "is capable of performing h[is] past relevant work, testimony from a vocational expert [is] not necessary." Lucas v. Sullivan, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990).

Finally, the plaintiff contends that the law judge erred in finding that the plaintiff's past work as a truck driver for a flower business did not require activity precluded by his residual functional capacity (Doc. 13, pp. 11-12). The residual functional capacity found by the law judge included the ability to lift ten pounds frequently and lift twenty pounds occasionally (Tr. 17). The plaintiff argues that this residual functional capacity precludes him from performing his prior work as a truck driver for a flower business because, according to his testimony at the administrative hearing, that job required him to load and unload 300-400 boxes of flowers weighing thirty to eighty pounds (Doc. 13, pp. 3-4; Tr. 174). That testimony, however, referred to the job of a long distance driver hauling flowers, and not the job of delivering flowers locally for his wife's shop. Notably, in his signed Work History Report, the plaintiff represented that this prior work required him only to lift ten pounds frequently, and twenty pounds occasionally (Tr. 58). As the

Commissioner points out, the regulations permit the use of a claimant's own information about his past work to determine whether that claimant could return to his past relevant work. See 20 C.F.R. 404.1560(b)(2). Therefore, the law judge's determination that the plaintiff could perform his prior work as a truck driver for a flower business is adequately supported by the record.

IV.

For the foregoing reasons, the decision of the Commissioner contains an inadequate and flawed credibility determination. I therefore recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

DATED: FEB. 17, 2006

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).